GREGORY, Circuit Judge,
dissenting:
I.
A police officer saw Moore, an African-American male, walking along the sidewalk of an affluent; suburban neighborhood and *109 approached him because he appeared to be carrying a container that the officer suspected to be alcohol. After Moore fled in response to the officer’s signal to approach, the officer gave chase. Moore discarded the container into a dumpster. Although the officer found drugs in the dumpster, the bag with the drugs inside bore no resemblance to a bottle of alcohol.
Two days later while investigating an unrelated break-in, police learned that Moore was renting a basement apartment of a home near the area where he was seen walking. They then sought and obtained a search warrant for Moore’s basement residence. The sole basis for seeking the warrant to search his home was the fact that a few days earlier, Moore had possessed drugs near that location. In fact, before encountering Moore on the sidewalk on the day of his arrest, the police had no information or observation relating to Moore possessing or distributing drugs in his neighborhood or any place for that matter. Equally troubling, the police never told the magistrate that they had already entered Moore’s apartment and not seen any evidence of drug possession or trafficking. In fact, in detailing the police response to the unrelated break-in in the affidavit, Detective Hoetzel affirmatively omitted that police entered the basement residence and did not see any contraband or indication of narcotics trafficking. Yet my dear colleagues find that the defective warrant, lacking any indicia of probable cause and issued under these misleading circumstances, is entitled to the protection of the “good faith” exception under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). I respectfully submit that this is wrong.
II.
The district court correctly concluded that the affidavit supporting the request for the search warrant of Moore’s residence did not include sufficient evidence to establish that Moore was involved in the drug trade or that it was probable that evidence of narcotics trafficking .would be found in his apartment.
“To establish probable cause that evidence of a crime is located in a particular place, an affiant must establish a connection between the evidence of a crime and the place to be searched.” United States v. Anderson, 851 F.2d 727, 729 (4th Cir.1988). In every case where this Court has found a sufficient nexus between a defendant’s criminal conduct and his residence, the affidavit supporting the warrant had at least some factual assertion or allowable inference linking the items sought to the defendant’s residence. And where this Court has declined to require specific evidence of the existence of drugs in a residence, it is only where other facts sufficiently established probable cause for the search. United States v. Grossman, 400 F.3d 212, 214 (4th Cir.2005) (“We decline to require specific evidence of the existence of drugs in a residence where other facts sufficiently establish probable cause for the search.”) (emphasis added).
Here, there was virtually no investigation of Moore or assertion in the affidavit which supported the conclusion that probable cause for the warrant existed. As the district court aptly noted and in stark contrast to the investigatory facts included in facially sufficient affidavits, there was nothing in the affidavit in this case to support a permissible inference that Moore was in fact a drug dealer and that the tools of that trade would be found in his home. The affidavit did not include any information evidencing Moore’s selling narcotics to cooperating witnesses or informants, any surveillance by law enforcement of any illegal or suspicious activity on the part of Moore in the days or weeks *110 leading up to his initial encounter with law enforcement, any reference to Title III wiretap recordings evidencing drug activity on the part of Moore, any reference to the prior criminal history of Moore, any tip information from a reliable confidential source alleging Moore’s participation in drug trafficking, or any other information except the assertion that Moore had discarded one half kilogram of powder cocaine two days prior to the request. The sole fact that Moore possessed narcotics on a nearby street cannot establish probable cause that evidence of narcotics trafficking would be found in his home.
The district court was correct in finding that the normal indicia of investigative fruit were absent and that the affidavit was lacking in probable cause to believe that any contraband would be present in Moore’s residence.
III.
The only remaining issue is whether the “good faith” exception under Leon applies. Under the good faith exception, evidence obtained from an invalid search warrant will not be suppressed if the officer’s reliance on the warrant was “objectively reasonable.” United States v. Perez, 393 F.3d 457, 461 (4th Cir.2004) (citing Leon, 468 U.S. at 922, 104 S.Ct. 3405). Leon identifies four circumstances in which an officer’s reliance on a warrant would not qualify as “objectively reasonable:” (1) when the magistrate judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) when the magistrate has acted as a rubber stamp for the officer and so wholly abandoned his detached and neutral judicial role; (3) when a supporting affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when a warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Id.
The district court did not err in holding that the good faith exception is unavailable here. The combination of the first and third circumstances identified by Leon— that the judge was misled by information in the affidavit and that the supporting affidavit was “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,” Leon, 468 U.S. at 923, 104 S.Ct. 3405—compels the application of the exclusionary rule in this case. As detailed above, this affidavit fell far short of providing probable cause for a search warrant as it was devoid of any basis from which the magistrate could infer that evidence of drug activity would be found in the basement residence. Moreover, contrary to the majority’s contention, ante at 108, the fact that officers previously entered the residence, performed a protective sweep, and observed no contraband, is absolutely material to the reviewing judge’s probable cause determination when, as here, the officers’ response to the attempted break-in was described in detail in the affidavit — suggesting this was not merely a negligent omission — and nothing approaching the information necessary for probable cause is provided in the affidavit.
The Leon Court crafted the good faith exception to avoid a deterrent effect on “objectively reasonable law enforcement activity.” Id. at 919, 104 S.Ct. 3405. This is not a case of “objectively reasonable law enforcement activity.” Not only did Detective Hoetzel fail to provide information of any kind that would in itself have provided probable cause, he affirmatively omitted the fact that law enforcement had previously entered the basement residence *111 and did not see any illegal contraband in the location. The omission of this prior entrance in the recounting of the attempted break-in in the affidavit is not only misleading, it also suggests that the officer’s reliance on the resulting warrant was not reasonable. Clearly, this does not support a finding of good faith.
IV.
The right to privacy in one’s home is a most important interest protected by the Fourth Amendment. The majority’s application of the good faith exception to this warrant ratifies police use of insufficient and misleading affidavits to justify respectfully dissent.